CHARLES KINNEY
5826 Presley Way
Oakland, CA  94618
(510) 654-5133
FAX (510) 594-0883
charleskinney@hotmail.com

FILED

FEB 2 2 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Plaintiff (and a listed bankruptcy creditor)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO/OAKLAND

Charles Kinney,
    Plaintiff,

vs.

Tani G. Cantil-Sakauye, as the Chair of
the Judicial Council of California;
Victoria Cheney; and Does 1 to 10,
all acting in their individual capacity[ies]
and/or as prosecutors,
    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. **C18-01158** _____

**COMPLAINT**

Jury Trial Demanded

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

    Plaintiff Charles Kinney ("Kinney" or "plaintiff"), as a listed bankruptcy creditor in the July 28, 2010 Chapter 7 bankruptcy petition filed by Michele Clark ("Clark", the seller in a 2005 real estate purchase contract for which Kinney was one of the buyers) in which Clark received her bankruptcy discharge in Aug. 13, 2012, submits his complaint against defendants Tani G. Cantil-Sakauye, as the Chair of the Judicial Council of California; Victoria Cheney; and Does 1 to 10, all acting in their individual capacity(ies) and/or as prosecutors [collectively "defendants"].  This matter involves Kinney's state court appeal No. B287158 as a listed bankruptcy creditor in Clark's 2010 bankruptcy.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court over the subject matter of this action is predicated on the Supremacy Clause of the U.S. Constitution, Art. VI, Clause 2, which provides that: "*This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.*"  Since bankruptcy law is an exclusively federal statute, the state courts cannot issue orders or make rulings that do not comply with that federal law.

2.     Jurisdiction of this Court over the subject matter of this action is also predicated on 28 U.S.C. Sec. 1331 which provides that the district courts shall have "original jurisdiction" over any civil action authorized by law to be commenced by any person which arise from violations of rights guaranteed to a person under the First [e.g. access to the courts; freedom of speech; redress of grievances; freedom of association; incorporation of due process], Fifth [e.g. due process; equal protection; taking of private property for public use without just compensation], and Fourteenth [e.g. due process; equal protection] Amendments of the United States Constitution and under the laws of the United States [e.g. including bankruptcy law at 11 U.S.C. Secs. 101 etc; bankruptcy fraud law at 18 U.S.C. Secs. 151 etc; RICO law at 18 U.S.C. Secs. 1961 etc; FDCPA law at 15 U.S.C. Secs. 1692 etc; Hobbs Act law at 18 U.S.C. Sec. 1951; honest services law at 18 U.S.C. Sec. 1346; federal civil rights law at  42 U.S.C. Secs. 1981 etc]; and/or other federal civil rights acts [e.g. Civil Rights Act of 1866 given Kinney's direct ancestors].

3.     Jurisdiction of this Court over the subject matter of this action is also predicated on 28 U.S.C. Sec. 1452 which provides that the district courts shall have jurisdiction over bankruptcy matters considered or being considered in the state courts as to a Chapter 7 debtor [e.g. Clark] and/or listed creditor [e.g. Kinney] in that bankruptcy.

4.     Jurisdiction of this Court over the subject matter of this action is also predicated on 28 U.S.C. Sec. 1343(a)(1) to (4) which provides the district courts shall have "original jurisdiction" over any civil action authorized by law to be commenced by any person to "redress the deprivation, under color of any State law, statute, ordinance, custom or usage, of any right, privilege or immunity secured by the Constitution"; to "recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States"; and/or to "recover damages or to secure equitable or other relief" as demanded herein [e.g. under 42 U.S.C. Sec. 1983].

5.     Jurisdiction of this Court over the subject matter of this action is also predicated on 18 U.S.C. Sec. 1964 ("RICO") which provides the district courts shall have jurisdiction over a civil action by a person authorized by 18 U.S.C. Sec. 1962 et seq.

6.     Jurisdiction of this Court over the subject matter of this action is also predicated on 15 U.S.C. Sec. 1692 et al ("FDCPA") for improper collection practices by defendants and each of them [e.g. for the benefit of discharged debtor Clark and/or her unsecured creditor attorneys Marcus et al who had argued and continue to argue that they can obtain state court "cost" awards after July 28, 2010 (such as for attorney's fees under a 2005 real estate purchase contract) against Kinney based on debts and/or obligations of Clark that were completely discharged and/or made unenforceable due to debtor Clark's July 28, 2010 Chapter 7 bankruptcy petition and Aug. 13, 2012 bankruptcy discharge].

7.     This Court also has supplemental jurisdiction over state claims asserted herein in that they are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy; see Article III of the U.S. Constitution.

8.     Venue in this district is proper [e.g. under 28 U.S.C. Sec. 1391] in that a substantial part of the property adversely affected by defendants and each of them is or was "situated" in this district. A substantial part of the events giving rise to the claims herein have occurred and/or are now occurring in this district where Plaintiff had and/or

still has his business offices [e.g. prior law office; present real estate development and management office] and where the Calif. Supreme Court offices are located.

## PARTIES

9.     Plaintiff Kinney was the appellant in California state court appeal B287158 with respect to his appeal of a state court "cost" order [e.g. which included attorney's fee award to seller Clark based on the 2005 real estate purchase contract with buyer Kinney for post-petition legal work allegedly performed by Clark's attorneys David Marcus, Eric Chomsky, et al.].  In state court appeal B287158, Kinney requested permission to file the appeal as he is required to do under improperly-issued vexatious litigant pre-filing orders. In the underlying state court case Los Angeles County Superior Court Case ("LASC") No. BC354136 [filed in 2006] for the state court appeal B287158, Kinney was a *plaintiff* against abutting neighbor Carolyn Cooper ("Cooper") who had built an encroaching fence in 1991 with Clark's oral permission on land that Kinney purchased from Clark in 2005; Kinney was a *cross-defendant* due to Cooper's cross-complaint against Kinney to obtain more of the land that Kinney purchased from Clark in 2005; **and** Kinney was a *cross-complainant* against Clark for lack of merchantable title due to Clark's unrecorded lease or easement in favor of Cooper to have permanent rights to part of the land that Kinney purchased from Clark in 2005 and to Cooper's cross-complaint against Kinney.

10.     From about 2007 to 2010 in the state courts, Kinney was precluded from proceeding with his lack-of-merchantable-title cross-complaint against Clark, and was penalized [e.g. with a Dec. 15, 2008 attorney's fee award in favor of Clark; and then with an attorney's fee award in favor of Cooper], based on a 100% directly inconsistent interpretation by the state courts of Evans v. Fraught, 231 Cal.App.2d 698, 705 (Cal. 1965) which held that an unrecorded lease or easement to a neighbor [e.g. Cooper] by the seller [e.g. Clark] resulted in a lack of merchantable title to a buyer [e.g. Kinney] even if the encroaching structure [e.g. Cooper's encroaching fence] was open and notorious on the land that the buyer [e.g. Kinney] was purchasing.

11.     At all times thereafter, the state courts have refused to correct the 100% directly inconsistent rulings regarding Kinney [e.g. by allowing a writ and/or recalling the remittitur(s) under <u>Moore v. Kaufman</u>, 189 Cal.App.4th 604, 612-614 (Cal. 2010) and/or <u>Greenfield v. Mather</u>, 32 Cal.2d 23, 25-35 (Cal. 1948)].   The 100% directly inconsistent rulings by the state courts resulted in a "heads you lose; tails you don't win" situation to the detriment of Kinney.   The fee award against buyer Kinney and in favor of seller Clark was issued Dec. 15, 2008; and it was the <u>only</u> "cost" award against Kinney in favor of Clark <u>prior to</u> Clark's petition for Chapter 7 bankruptcy filed on July 28, 2010.

12.     Kinney's underlying state court case LASC BC354136 was first assigned to Judge Elizabeth Grimes in 2006, and was later assigned to Judge Barbara Scheper.

13.     On July 28, 2010, Clark filed a Chapter 7 bankruptcy petition and listed Kinney as an unsecured creditor on her bankruptcy form Schedule F.   Because Kinney was listed as a creditor by Clark, the U.S. Bankruptcy Court's order by Judge Richard Neiter on Oct. 18, 2012 contained false facts and/or dicta, and/or was entered without subject matter jurisdiction [e.g. without an adversary proceeding against Kinney], when it held that Kinney was <u>not</u> a creditor of Clark's bankruptcy estate.   Clark also listed her own attorneys Marcus et al as unsecured creditors on her bankruptcy form Schedule F.   On Aug. 13, 2012, Clark was granted a bankruptcy discharge.   Defendants and each of them knew of these facts during the relevant time periods covered in this action.

14.     Kinney's state court appeal B287158 was filed on or about Dec. 11, 2017.   That appeal B287158 was assigned to Cal. Court of Appeal, Second Appellate District, Division One.   Acting Presiding Justice Victoria Cheney entered an order on Jan 25, 2018 denying Kinney's right to appeal (attached) and citing <u>Kinney v. Clark</u>, 12 Cal.App.5th 724 (Cal. 2017) in which Justice Chaney participated (e.g. as an author), so defendants and/or each of them knew from reading and/or authoring <u>Kinney v. Clark</u>, 12 Cal.App.5th 724 (Cal. 2017) that several examples of bankruptcy law violations and/or of bankruptcy fraud were contained in the "facts" as recited therein.

15.     Some of the adverse and improper consequences of the denial of Kinney's right to proceed with state court appeal B287158 include that: (a) Kinney as a listed bankruptcy creditor in Clark's 2010 bankruptcy was being held liable for attorney's fees granted by way of an unenforceable pre-petition real estate purchase contract from 2005 between seller Clark and buyer Kinney which is contrary to bankruptcy law, to the detriment of Kinney and his property; (b) the defendants were blatantly ignoring bankruptcy law with respect to discharged Chapter 7 debtor Clark and listed creditor Kinney; (c) the defendants were repeatedly violating the Supremacy Clause with respect to bankruptcy law from July 10, 2012 onward; **and** (d) the defendants were and still are retaliating against Kinney without just cause with respect to his efforts to be treated fairly under the state laws prior to July 28, 2010 and/or under the bankruptcy laws after July 28, 2010 to the present.

16.     Some of the adverse and improper consequences are admitted by defendant Cheney as shown by a careful reading of their Kinney v. Clark, 12 Cal.App.5th 724 (Cal. 2017).  In that 2017 published opinion, some of the recited "facts" show that: (i) the 2005 real estate purchase contract was a pre-petition contract due to Clark's 2010 bankruptcy; (ii) LASC Judge Barbara Scheper issued a July 10, 2012 attorney fee "cost" award in favor of Clark before Clark's Aug. 2012 discharge [even though the bankruptcy trustee never assumed or authorized any such motion for attorneys fees so that is contrary to Bostanian v. Liberty Savings Bank, 52 Cal.App.4th 1075, 1078-1087 (Cal. 1997)]; **and** (iii) the Dec. 15, 2008 cost award in favor of Clark was being enforced [even though the Dec. 15, 2008 attorney fee "cost" award was due to the 100% directly inconsistent rulings by the same state courts and contrary to the Evans case].

17.     The motives of defendants and each of them to make these improper rulings include but are not limited to: (a) the desire to expand the state vexatious litigant law to include an attorney who is not a party to a case, to a represented party; to a "pro se" defendant, and/or to a listed bankruptcy creditor, which are contrary to the applicable

statute and contrary to recent holdings by the Calif. Supreme Court; (b) to unjustly enrich discharged Chapter 7 bankruptcy debtor Clark at the expense of listed creditor Kinney; (c) to unjustly enrich Clark's attorneys David Marcus and Eric Chomsky and others for pre-petition and/or post-petition legal work; (d) to preclude Kinney's access to the courts for redress of grievances; **and/or** (e) to retaliate against Kinney for his attempts to seek redress for violations of his state and/or federal constitutional and civil rights.

18.    Defendant Victoria Cheney was a Justice in Division One of the Cal. Court of Appeal, Second Appellate District, in late 2017 and early 2018, but she was acting in her individual capacity since she was acting as a prosecutor and not as neutral arbitrator, and acted contrary to bankruptcy law, in regards to B287158 and/or the application of the California vexatious litigant law against Kinney, so she was stripped of her sovereign immunity <u>and</u> judicial immunity, and is thus subject to a 42 U.S.C. Sec. 1983 cause of action.  See <u>Supreme Court of Virginia v. Consumers Union</u>, 446 U.S. 719, 734-737 (1980) ["… the Virginia Court and its chief justice properly were held liable in their enforcement capacities.  As already indicated, § 54-74 gives the Virginia Court independent authority of its own to initiate proceedings against attorneys.  For this reason, the Virginia Court and its members were proper defendants in a suit for declaratory and injunctive relief, just as other enforcement officers and agencies were."]; <u>Caliste v. Cantrell</u>, US District Court, E.D. La., #2:17-cv-06197, filed 2017 (Dec. 11, 2017) [42 U.S.C. Sec. 1983 claim against state court judge who imposed "unreasonably expensive" security conditions; "When judges are themselves the actors in an alleged violation of plaintiff's rights, rather than merely adjudicators of disputes between third parties, they are the proper parties in a Sec. 1983 suit."]; <u>Georgevich v. Strauss</u>, 772 F.2d 1078, 1087-1089 (3rd Cir. 1985) ["The judges' challenge to their status as party defendants appears to misconceive the basis on which the present suit rests. This is not a case in which judges are sued in their judicial capacity as neutral adjudicators of disputes."]; <u>In re Justices of the Supreme Court of Puerto Rico</u>, 695

F.2d 17, 21-25 (1st Cir. 1982) [In a 42 U.S.C. Sec. 1983 action, "the judges are sued as enforcers of the statutes", rather than as neutral adjudicators of a claim]; United States v. Murphy, 768 F.2d 1518, 1523-1539 (7th Cir. 1985) [state court judge who takes bribes and colludes with "miracle worker" attorneys to fix cases violates civil rights law, honest services law, Hobbs Act, and RICO]; Zarcone v. Perry, 572 F.2d 52, 54-57 (2nd Cir. 1978) [compensatory and punitive damages available under 42 U.S.C. Secs. 1983 and/or 1988 against a state court judge who penalized a non-party coffee vendor in the complete absence of personal and subject matter jurisdiction]; Saucier v. Katz, 533 U.S. 194, 200-202 (2001); Rankin v. Howard, 633 F.2d 844, 847-849 (9th Cir. 1980); Rabang v. Kelly, US District Court, W.D. Wash., No. C17-0088-JCC (May 2, 2017 ruling) [citing the Rankin case as to the loss of judicial immunity "when a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes or case law expressly depriving him of jurisdiction', but noting that the Rankin case was "overruled on other grounds by Ashelman v. Pope"]; Jackson v. Barnes, 749 F.3d 755, 758-767 (9th Cir. 2014) ["local government body" can be liable for violation of 42 U.S.C. Sec. 1983 for "policy of inaction" as well as "policy of action"; plaintiff must be allowed a chance to amend; jury could award punitive damages for violation of 42 U.S.C. Sec. 1983]; Bauer v. Texas, 341 F.3d 352, 356-360 (5th Cir. 2003) ["Sec. 1983 provides private right of action against parties acting 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to redress the deprivation of rights secured by the United States Constitution or federal law"; Sec. 1983 is intended to apply to all state actors whether they be executive (e.g. Cal. State Bar), legislative or judicial but does not apply if a judge acts in a purely adjudicative capacity in a judicial court; one has standing under the DJA for "actual present harm or a significant possibility of future harm"]; Canatella v. State of California, 304 F.3d 843, 847-854, n. 6 and 14 (9th Cir. 2002) [an "overbreath challenge" by attorney to Cal. State Bar discipline based on vexatious litigation and other reasons is allowed under 42 U.S.C. Sec. 1983 because of "the chilling of what may be

constitutionally protected speech" under the First and Fourteenth Amendments]; Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001) ["Section 1983 creates a private right of action against individuals who, acting under color of state law, violated federal constitutional or statutory rights"]; Hafer v. Melo, 502 U.S. 21, 25-31 (1991) [state officers can be personally liable under 42 U.S.C. Sec. 1983 for official acts done under color of authority]; Pulliam v. Allen, 466 U.S. 522, 537-542 (1984) ["Section 1983 was intended to apply to all state actors whether they be executive, legislative or judicial" and "judicial immunity is not a bar to injunctive relief against a state judge under Sec. 1983"]; Felder v. Casey, 487 U.S. 131, 139-141 (1988) [Sec. 1983 "provides 'a uniquely federal remedy against incursions .. upon rights secured by the Constitution and laws of the Nation'"]; Monell v. New York City Department of Social Services, 436 U.S. 658, 690-691 and 694 (1978); Jett v. Dallas Independent School District, 491 U.S. 707, 737 (1989); Karim-Panahi v. Los Angeles Police Department, 839 Fed.2d 621, 623-625 (9th Cir. 1988); Scheuer v. Rhodes, 416 U.S. 232, 237-250 (1974) [Sec. 1983 claims can be filed against state officers in some situations]; Ex Parte Young, 209 U.S. 123, 124-134 (1908) [relief allowed]; Edelman v. Jordan, 415 U.S. 651, 677-678 (1974) ["Though a § 1983 action may be instituted …, a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief"]; Tracy v. Florida Atlantic Univ., U.S. District Court, S.D. Fla., No. 9:16-cv-80655-RLR (Nov. 17, 2017 Order) [plaintiff is entitled to a jury determination as to retaliation as part of his request for prospective injunctive relief for reinstatement]; Lacey v. Maricopa County, 693 F.3d 896, 911-922 (9th Cir. 2012) [there is no immunity for "ultra vires" acts].

19.    Defendant Tani G. Cantil-Sakauye, as the Chair of the Judicial Council of California, was also a Justice in the Cal. Supreme Court in late 2017 and early 2018, but she was acting in her individual capacity since she was acting as a prosecutor and not as neutral arbitrator, and acted contrary to bankruptcy law, in regards to B287158 and/or

the application of the California vexatious litigant law against Kinney, so she was stripped of her sovereign immunity <u>and</u> judicial immunity, and is thus subject to a 42 U.S.C. Sec. 1983 cause of action.

20.    Defendants and each of them have intentionally and willfully acted under color of state law or authority to deny Kinney his federal constitutional and civil rights.

21.    Prior to issuing their respective decision(s), order(s) and/or denial(s), defendants and each of them knew that Clark's July 28, 2010 Chapter 7 bankruptcy filings could be found in U.S. Bankruptcy Court, Central District of California, Case No. 2:10-bk-41323-RN (wherein they could have examined the docket, schedules and other filings via Pacer or similar system); knew that pre-petition contracts like the 2005 real estate purchase contract between seller Clark and buyer Kinney, and the 2007 hourly-fee retainer between client Clark and attorneys Marcus, were no longer enforceable after July 28, 2010 because of Clark's Chapter 7 bankruptcy; knew that Clark had listed Kinney as a unsecured "creditor" on her bankruptcy Schedule F; **and** knew that Clark had listed attorneys David Marcus etc as an unsecured "creditor" on her bankruptcy Schedule F. As defendants and each of them know, and as almost every adult in California knows, filing for Chapter 7 bankruptcy eliminates pre-petition contract debts (e.g. such as from a credit card), and no one can enforce the debt and/or get attorney's fees related to that debt, especially when a "listed" creditor (e.g. Clark's attorneys Marcus) for the debt (e.g. from Clark) has failed to take the necessary steps in state court to have a lien on that debt determined to be valid and/or secured under state law [e.g. <u>United States vs. Ron Pair Enterprises</u>, 489 U.S. 235, 238-239 (1989); <u>Mojtahedi v. Vargas</u>, 228 Cal.App.4th 974, 977-979 (Cal. 2014) {must prove validity of retainer and lien}]; and/or under federal law [e.g. 11 U.S.C. Sec. 506; Fed. Rules of Bankruptcy Procedure ("FRBP"), Rules 3001 and 3002 {contents of creditor's proof of claim with evidence of perfected security}].  By way of example, assume that a person (e.g. Clark) is contemplating filing for a Chapter 7 bankruptcy, and that person has 2 credit cards: a VISA card with a $1,000 balance;

and a MasterCard with a $0 balance.  Each credit card has a credit card "contract" that obligates the credit card company to pay for charges put on the card and to bill the person for those charges; obligates the person making those charges to pay the credit card companies; and allows the credit card companies to ask for attorney's fees if the charges are not paid and a lawsuit has to be filed.  Under California law, any contract that allows one side of a contract to get attorneys' fees automatically allows the other side to get attorney's fees (see Cal. Civil Code Sec. 1717).  Once that person files for Chapter 7 bankruptcy, he/she is now the "debtor", and both of the credit card contracts are "prepetition" contracts.  After filing, the "debtor" cannot use either credit card to make further purchases.  Likewise, the credit card companies cannot collect for any past-due charges.  In addition, the credit card companies cannot sue anyone to collect anything under the credit card contracts (regardless if the balance was $1,000 or $0). Furthermore, the "debtor" cannot sue anyone including the credit card companies as to any of the past-due charges.  Lastly, the "debtor" and any of her agents cannot sue anyone (e.g. another creditor like Kinney) as to any "prepetition" contract with respect to any *mutual obligations* involving the "debtor" (e.g. for attorney's fees) and that other person.  After filing, if the "debtor" wants to re-activate either of the credit cards, that "debtor" must agree to an entirely-new contract with the credit card company, or reaffirm the "old" credit card contract but only if the company agrees.  After filing, the "debtor" should, but is not required to, list each and every "creditor" in the bankruptcy schedules, and to list each "prepetition" contract that has obligations on both sides. However, the "debtor" must identify all debts.   In other words, these credit card "contracts" are ***unenforceable*** by anyone and against anyone after the "debtor" files for Chapter 7 bankruptcy, regardless of whether the "debtor" lists any of the credit card companies as "creditors" on the bankruptcy schedules, and regardless of the amount of prepetition debt owed.  In this matter, these same principles apply to all of the pre-petition contracts including the 2005 purchase contract between seller Clark and buyer

Kinney, and the 2007 hourly-fee retainer between client Clark and attorneys Marcus. Given their prior employment (e.g. with state courts; in law offices) and/or their training (e.g. with respect to their duties on the bench), defendants and each of them knew all of these rules as to a Chapter 7 bankruptcy before they made their respective rulings to the detriment of "listed" creditor Kinney as noted herein.

22.    Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 to 10; and will seek leave to amend the operative complaint to show such true names and capacities when the same are ascertained.

23.    Plaintiff is informed and believes and thereon alleges that each of the defendants was negligently responsible and/or liable in some manner for the occurrences herein alleged; and that Plaintiff's injuries as herein alleged were proximately caused by defendants' negligence and/or acts.

24.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants was acting as an individual or as the agent and/or employee of the remaining defendants and in doing the things herein mentioned was acting within the scope of its authority as such agent and/or employee, and with the permission and consent of its co-defendants.

### NATURE OF THE ACTION

25.    Plaintiff makes: (1) a facial and/or factual attack under the Supremacy Clause and other federal laws against the California vexatious litigant law as that relates to a listed Chapter 7 bankruptcy creditor such as Kinney; and (2) a challenge against the intentional and willful acts of defendants and each of them which have violated and continue to violate Kinney's federal constitutional and civil rights.

### FIRST CAUSE OF ACTION (Violation of Supremacy Clause)

26.    Plaintiff refers to and incorporates, as though set forth herein in full, paragraphs 1 to 25 above.

Complaint                                    12

27.     Kinney has been and still is engaged in interstate commerce for over 15 years; and the intentional and willful acts by defendants and each of them have damaged Kinney's ability, financial and otherwise, to engage in such commerce in the future.

28.     Kinney seeks a declaration of this rights and legal relations as to defendants and each of them.

29.     The actions and conduct by defendants, and each of them, while acting under color of state law but with willful intent to knowingly issue the ruling(s), order(s) and/or denial(s) noted herein against plaintiff, were done in the complete absence of all state court subject matter jurisdiction, and/or contrary to bankruptcy law, and have violated plaintiff's federal civil rights, have violated plaintiff's federal constitutional rights, have attempted to extort money from plaintiff, and have denied him the intangible right to honest services, resulting in damages to plaintiff of at least $800,000.

30.     The conduct by defendants and each of them has included a separate "enterprise" and/or scheme as part of a pattern of activity to improperly punish plaintiff and/or to extort money from plaintiff without just cause, and that conduct has consisted of at least 2 acts by these defendants over the last 10 years.

31.     The conduct by defendants, and each of them, has included improper collection practices regarding discharged debts and obligations of a Chapter 7 debtor to the benefit of that debtor Clark and her unsecured creditor attorneys Marcus etc.

32.     The conduct by defendants, and each of them, has proximately resulted in injury and damage to Plaintiff, his property, his reputation, his interstate commerce activities and/or his businesses.

33.     Unless the conduct of the defendants, and each of them, is restrained, prohibited and/or reversed, plaintiff has suffered and will continue to suffer irreparable harm including but not limited to the prevention of plaintiff from exercising his First Amendment rights to redress of grievances; the violation of the Supremacy Clause to plaintiff's detriment; and the violation of plaintiff's constitutional and civil rights, as to

ongoing and reoccurring violations by these defendants and by others of bankruptcy law and other federal laws.

SECOND CAUSE OF ACTION (RICO)

34.    Plaintiff refers to and incorporates, as though set forth herein in full, paragraphs 1 to 33 above.

35.    The actions and conduct by defendants, and each of them, and by the "enterprise" and/or scheme noted herein, while acting under color of state law but with the willful intent to knowingly issue the order(s) noted herein against plaintiff in the complete absence of all state court subject matter jurisdiction, and/or under an unconstitutionally vague state vexatious litigant statute, have violated the Supremacy Clause, have violated plaintiff's federal civil rights, have violated plaintiff's federal constitutional rights, have attempted to extort money from plaintiff, and/or have denied plaintiff the intangible right to honest services, resulting in damages to plaintiff of at least $800,000.

36.    The acts by defendants have included a separate "enterprise" as part of a pattern of activity to improperly punish plaintiff, to improperly extort money from plaintiff, to improperly violate the Supremacy Clause; and/or to improperly judicially-expand the California vexatious litigant law to include non-parties, attorneys, and/or appellants represented by counsel such as Kinney; and that conduct has consisted of at least 2 acts by defendants over the last 10 years.

37.    The acts by defendants, and each of them, and by the "enterprise" have included improper collection practices regarding discharged debts and obligations of a Chapter 7 debtor to the benefit of that debtor and her unsecured creditor attorneys.

38.    The acts by defendants, and each of them, and by the "enterprise" have proximately resulted in injury to plaintiff, his property, his interstate commerce activities and his businesses in violation of RICO found at 18 U.S.C. Secs. 1961 et seq [e.g. including racketeering activity that includes any act or threat involving extortion that is

chargeable under state law or "indictable" under the Hobbs Act found at 18 U.S.C. Sec. 1951; see <u>United Bhd. Of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't.</u> <u>AFL-CIO</u>, 770 F.3d 834, 838 (9th Cir. 2014)].

39.    Unless the conduct of the defendants, and each of them, is restrained, prohibited and/or reversed, plaintiff has suffered and will continue to suffer irreparable harm including but not limited to the prevention of plaintiff from exercising his First Amendment rights to redress of grievances, to free speech, and/or to freedom of association in regards to the subject appeal.

THIRD CAUSE OF ACTION (FDCPA)

40.    Plaintiff refers to and incorporates, as though set forth herein in full, paragraphs 1 to 39 above.

41.    The acts by defendants, and each of them, are improper collection practices and/or attempts to improperly collect on debts not owed by Kinney, regarding discharged debts and eliminated obligations of Chapter 7 debtor Clark to the benefit of that debtor and/or her unsecured creditor attorneys Marcus et al, and/or to the benefit of others (e.g. by violating the Supremacy Clause, by violating bankruptcy law, and/or by judicially expanding the vexatious litigant laws) in violation of the FDCPA found at 15 U.S.C. Secs. 1692 et seq and/or bankruptcy law.

FOURTH CAUSE OF ACTION (Honest Services)

42.    Plaintiff refers to and incorporates, as though set forth herein in full, paragraphs 1 to 41 above.

43.    The acts by defendants, and each of them, were a scheme or artifice to defraud so as to deprive Kinney and/or his counsel of the intangible right to honest services through a bribery, extortion or kickback scheme (e.g. by providing a benefit to the public official intending that official to take actions favorable to Clark, Marcus and/or others {e.g. state appellate court Justice Roger Boren, Justice Frances Rothschild, and/or Justice Victoria Chaney; and/or federal Judge Philip Gutierrez} that the public official

would not otherwise take {e.g. by judicially expanding the vexatious litigant law; by violating the Supremacy Clause; and/or by violating bankruptcy law}), which is a violation of 18 U.S.C. Sec. 1346 [e.g. see United States v. Wright, 665 F.3d 560, 568 (3rd Cir. 2012)].

### FIFTH CAUSE OF ACTION (Bankruptcy fraud)

44.   Plaintiff refers to and incorporates, as though set forth herein in full, paragraphs 1 to 43 above.

45.   The acts of defendants, and each of them, have violated bankruptcy law under 11 U.S.C. Secs. 101 et seq (e.g. with respect to eliminated obligations of Chapter 7 debtor Clark regarding her and/or her attorneys' attempts to enforce the non-reaffirmed and non-assumed pre-petition 2005 real estate purchase contract between seller Clark and buyer Kinney in the state courts); have done acts which constitute a cause of action for deceit and/or predicate acts under RICO and/or FDCPA [e.g. Cadle Company v. Flanagan, 271 F.Supp.3d 378, 385 (D.Conn. 2003)]; and/or have committed bankruptcy fraud under 18 U.S.C. Secs. 151 et seq (e.g. which the Judge and/or bankruptcy trustee must refer to the US Attorney under 18 U.S.C. Sec. 3507).

### SIXTH CAUSE OF ACTION (Decl. Judgment Act)

46.   Plaintiff refers to and incorporates, as though set forth herein in full, paragraphs 1 to 45 above.

47.   The acts of defendants, and each of them, have created an actual controversy regarding the application of bankruptcy law given Clark's 2010 Chapter 7 bankruptcy (e.g. the elimination of Clark's obligations under the 2005 real estate purchase contract between seller Clark and buyer Kinney, and/or under the 2007 hourly-fee retainer between client Clark and attorneys Marcus that had a automatic-conflict-of-interest charging lien); state law orders made in violation of bankruptcy law and/or state law (e.g. the failure of Clark's attorneys to comply with state law to perfect a lien such as the *Mojatehdi* case; and/or the failure of Clark's attorneys to comply with bankruptcy law

to obtain a secured lien under 11 U.S.C. Sec. 506); judicially-expanded vexatious litigant law contrary to CCP Secs. 391 et seq (e.g. as applied to a represented appellant such as Kinney); and/or rights and legal relations of the parties about which this Court may make determinations and rulings under the Declaratory Judgment Act found at 28 U.S. Secs. 2201-2202.

SEVENTH CAUSE OF ACTION (Civil Rights)

48.   Plaintiff refers to and incorporates, as though set forth herein in full, paragraphs 1 to 47 above.

49.   The acts by defendants, and each of them, deprived Kinney and/or his counsel of their federal civil rights (e.g. in violation of 42 U.S.C. Sec. 1983, Civil Rights Act of 1866, and/or Civil Rights Act of 1991) for which Kinney has an implied cause of action against state actors under Fed. of African Amer. Contractors v. City of Oakland, 96 F.3d 1204, 1205 (9th Cir. 1996) [Civil Rights Act of 1991 creates an implied cause of action against state actors under 42 U.S.C. Sec. 1981]; 42 U.S.C. Sec. 1991 [which allows a civil rights action by a Caucasian against other Caucasians; see Walker v. Secretary of Treasury, IRS, 713 F.Supp. 403, 405-407 (Dist. Court, ND Georgia 1989) citing St. Francis College v. Al-Khazraji, 481 U.S. 604 (1987)]; 42 U.S.C. Sec. 1982 [e.g. see CBOCS West, Inc. v. Humphries, 128 S.Ct. 1951, 1956 (2008) {construing 42 U.S.C. Secs. 1981 and 1982 alike because both trace their origins to the Civil Rights Act of 1866}]; and/or 42 U.S.C. Sec. 1983 [which allows monetary damages and other forms of relief; see Wilson v. Garcia, 471 U.S. 261, 278-279 (1985)].

EIGHTH CAUSE OF ACTION (Constitutional Rights)

50.   Plaintiff refers to and incorporates, as though set forth herein in full, paragraphs 1 to 49 above.

51.   The acts by defendants, and each of them, deprived Kinney and/or his counsel of their federal constitutional rights in violation of the First, Fifth and/or Fourteenth Amendments of the U.S. Constitution [e.g. Hodge v. College of Southern

Maryland, 121 F.Supp.3d 486, 495-496 (Dist. Court, D. Maryland 2015) {injunctive relief allowed against state actors}; and Hafer v. Melo, 502 U.S. 21, 23 (1991) {no Eleventh Amendment immunity when a state official deprives a person of a federal right under the color of state law}]; and/or in violation of the Supremacy Clause in Art. VI, Clause 2 [see California v. ARC America Corp., 490 U.S. 93, 100 (1989); and Crosby v. National Foreign Trade Council, 530 U.S. 363, 365 (2000), which this court must follow as binding precedent; see Bosse v. Oklahoma, 580 U.S. ___, 137 S.Ct. 1, 196 L.Ed.2d 1 (2016); Navarro v. Encino Motorcars, LLC, 845 F.3d 925, 926-928 (9th Cir. 2017) ["We may not disregard the court's existing, binding precedent"; citing *Bosse*].

DEMAND FOR JURY TRIAL

52.     Plaintiff hereby demands a jury trial in this matter.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them, as follows:

1.     For general and special damages according to proof;

2.     For a declaration of rights, duties, obligations and legal relations of each of the parties regarding the issues and/or matters noted above;

3.     For interest if allowed by law;

4.     For temporary and/or permanent declaratory, injunctive relief and/or equitable relief, including prospective injunctive relief;

5.     For costs of suit herein incurred; and

6.     For other and further relief as this Court may deem proper.

Dated:   ___2/22____, 2018                    __/s/___Charles Kinney__

VERIFICATION

I, the undersigned, declare:

That I am the Plaintiff in foregoing action; that I have read the foregoing document entitled COMPLAINT, and know the contents thereof; that the same is true of my own knowledge, except as to those matters set forth upon my information and belief, and as to such matters that I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and it was executed on Feb. 22, 2018, at Oakland, CA.

__/s/__Charles Kinney__

One attachment

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT
DIVISION: 1

DATE: January 25, 2018

CHARLES KINNEY,
Cross-complainant and Appellant,
v.
MICHELE R. CLARK,
Cross-defendant and Respondent.

**COURT OF APPEAL – SECOND DIST.**

# FILED

## Jan 25, 2018

JOSEPH A. LANE, Clerk

sstahl          Deputy Clerk

B287158
Los Angeles County No. BC354136

THE COURT:

On December 22, 2017, Charles Kinney, acting in propria persona, attempted to file a notice of appeal from an October 23, 2017 order awarding Michele R. Clark attorney fees and costs she incurred in successfully defending Kinney's appeal in case number B265267. Because Kinney has been declared a vexatious litigant by this court and is subject to a prefiling order, on December 28, 2017, the court notified Kinney that this appeal would be dismissed unless he demonstrated in writing "that the litigation has merit and has not been filed for the purposes of harassment or delay." (Code Civ. Proc., § 391.7, subd. (b).) On January 7, 2018, the court received Kinney's "opposition" to the December 28, 2017 notice.

The court has read and considered Kinney's opposition and finds he has not met his burden of showing the appeal has merit and has not been filed for the purposes of harassment or delay. By this appeal, Kinney seeks to challenge Clark's entitlement to attorney fees and costs under a 2005 real estate purchase agreement. In multiple prior appeals, the court already has decided that Clark is entitled to such fees and costs as the prevailing party. (See, e.g., *Kinney v. Clark* (2017) 12 Cal.App.5th 724; *Kinney v. Clark* (Nov. 1,

2017, B272408/B276290) [nonpub. opn.].)  This appeal presents no new issue
for the court to decide.  Accordingly, the appeal is dismissed.


CHANEY,  Acting P.J.